IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

PHILIP O. EMIABATA and SYLVIA
EMIABATA,
               Plaintiffs,
-vs-

THE BANK OF NEW YORK MELLON
TRUST COMPANY N.A./J.P. MORGAN
CHASE BANK, SPECIALIZED LOAN
SERVICING (SLS); JP MORGAN CHASE
BANK, WASHINGTON MUTUAL BANK
(BSI); and AVAIL I. LLC,
               Defendants.

CAUSE NO.:
AU-17-CA-01101-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Philip and Sylvia Emiabata's Complaint [#1], the United States Magistrate Judge's Report and Recommendation [#3], and the Emiabatas' Objections [#4]. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following.

Plaintiffs' complaint was referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiffs are entitled to *de novo* review of the portions of the Magistrate Judge's report to which they filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). A party's failure to timely file written objection to the proposed findings, conclusions, and recommendation in a Report and

1

Recommendation bars that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

## Analysis

Plaintiffs have raised two objections. First, the Emiabatas argue the Magistrate Judge erred in dismissing for lack of jurisdiction because complete diversity exists. Objs. R. & R. [#4] at 6. Second, the Emiabatas argue they have pled sufficient facts to state a claim for relief. *Id.* In light of these objections, the Court has undertaken a *de novo* review of the entire case file in this cause.

The Court will first address whether federal jurisdiction exists over the Emiabatas' claims. It will then turn to the Emiabatas' contention they have stated a claim for relief.

### I. Federal Jurisdiction

#### A. Diversity Jurisdiction

District courts have diversity jurisdiction over civil actions between citizens of different States, where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity jurisdiction, a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. *Id.* § 1332(c)(1).

The Emiabatas have not met their burden of pleading diversity jurisdiction. While the Emiabatas allege they are citizens of Texas, they have not established their citizenship is different from that of every defendant. Objs. R. & R. [#4] at 6. The Emiabatas allege each of the defendants is incorporated in a state other than Texas. *Id.* However, the Emiabatas have failed to

2

allege these Defendants have a principal place of business in a state other than Texas. *See* Compl. [#1] at 2; Objs. R. & R. [#4] at 6. Since the Emiabatas fail to allege complete diversity, they do not meet their burden of pleading and this Court lacks diversity jurisdiction.

**B.     Subject Matter Jurisdiction**

Though the Emiabatas do not object to the Magistrate Judge's analysis of subject matter jurisdiction, the Court will nevertheless assess whether subject matter jurisdiction exists.

In most circumstances, the absence of a valid cause of action does not implicate subject matter jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). A court may dismiss for lack of subject matter jurisdiction based on the inadequacy of the federal claim only when the claim is "so insubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (internal quotation marks and citations omitted); *see also Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 155 n.2 (5th Cir. Unit A Aug. 1981) ("[I]t has long been recognized that where a plaintiff asserts that a private right of action is implied from federal law, federal courts do have the requisite subject matter jurisdiction to determine whether such a federal remedy exists."); *Bell v. Health-Mor, Inc.*, 549 F.2d 342, 344–45 (5th Cir. 1977).

Although many of the instant claims are so devoid of merit as to not create a federal controversy, the Emiabatas have brought at least one claim conferring subject matter jurisdiction.

The Emiabatas have brought claims under HAMP. Compl. [#1]. The Magistrate Judge ruled the Emiabata's HAMP claims cannot confer subject matter jurisdiction because there is no private right of action under HAMP. R. & R. [#3]. However, the decisions cited by the Magistrate Judge in support of its conclusion are not decisions by the Supreme Court. Absent a Supreme Court decision foreclosing a private right of action under HAMP, the Emiabatas'

3

HAMP claims are sufficient to implicate federal subject matter jurisdiction. *See Kiper v. BAC Home Loans Serv., L.P.*, 884 F. Supp. 2d 561, 572 (S.D. Tex. 2012) (holding HAMP does not create a private right of action but implying Supreme Court has not ruled on the matter); *see also Till*, 653 F.2d at 155 n.2 (noting federal courts generally have subject matter jurisdiction to determine whether implied rights of action exist under federal law). In sum, the Court concludes subject matter jurisdiction exists.

## II. Failure to State a Claim

The Magistrate Judge found the Emiabatas failed to state a claim under any of the statutory provisions cited in their complaint. R. & R. [#3] at 5–7. The Emiabatas argue the Magistrate Judge erred in concluding the Emiabatas failed to state a claim for relief. Objs. R. & R. [#4] at 7. However, the Emiabatas objections do not raise any additional arguments that have not been fully addressed by the Magistrate Judge in his Report and Recommendation. The Court, having reviewed the Magistrate Judge's findings and conclusions and finding no error, will accept and adopt the Report and Recommendation for the reasons stated therein.

Accordingly,

IT IS ORDERED that the Emiabata's Objections [#4] are OVERRULED; and

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#3] is hereby ACCEPTED AND ADOPTED by the Court except with respect to its analysis of subject matter jurisdiction.

SIGNED this the 22nd day of February 2018.

/s/ Sam Sparks
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE